UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
* * * * * * * *

STEPHEN SILVER,
    Plaintiff/Counter-Defendant,

vs.

MARK GILES, MARK LYTLE, RICHARD ROSENBERG, TINO REYES, WILLIAM GILES, THE SAUGATUCK-DOUGLAS POLICE DEPARTMENT, THE CITY OF SAUGATUCK, THE CITY OF DOUGLAS, and LANCE RUTLEDGE,
    Defendants,

GAIL RUTLEDGE,
    Defendant/Counter-Plaintiff.
_____/

Case No.: 1:07 cv 0103

HON. WENDELL A. MILES

Michael C. Bingen (P30408)
BINGEN & ASSOCIATES, P.L.LC.
Attorney for Plaintiff/Counter-Defendant
141 E. Michigan Avenue, Suite 403
Kalamazoo, MI 49007
(269) 382-5900

Michael S. Bogren (P34835)
PLUNKETT & COONEY, P.C.
Attorney for Defendant, City of Saugatuck
535 S Burdick Street, Ste. 256
Kalamazoo, Michigan 49007
(269) 226-8822

G. Gus Morris (P32960)
KUPELIAN, ORMOND & MAGY, P.C.
Attorney for Defendants, Mark Giles, Mark Lytle, Richard Rosenberg, Tino Reyes, William Giles & Saugatuck Police Department
25800 Northwestern Highway, Ste.950
Southfield, Michigan 48075
(248) 357-0000

Elizabeth J. Fossel (P41430)
VARNUM, RIDDERING, SCHMIDT & HOWLETT, LLP
Attorney for Defendant/Counter-Plaintiff, Gail Rutledge
Bridgewater Pl., PO Box 352
Grand Rapids, Michigan 49501-0352
(269) 336-6000

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY BRIEF**

NOW COMES the Plaintiff, Stephen Silver, by and through counsel, BINGEN & ASSOCIATES, PLLC., and hereby moves for leave to file a brief in reply to Defendant Gail Rutledge's response to Plaintiff's petition for alternate service on Defendant Lance Rutledge for the following reasons:

1. Defendant, though attempting to portray herself and her family as victims of Plaintiff's harassment, has repeatedly engaged in the filing of false reports which culminated in Plaintiff's arrest on two occasions, and his prosecution on stalking charges.

2. Any suggestion that the Rutledge family was "harassed" by an individual who was simply attempting to serve legal process in this matter is belied by the fact that a police officer present at the scene made no arrest and there is no report or affidavit from him supporting the Defendant's claims.

3. The complaint in this matter was filed on February 1, 2007. Plaintiff has repeatedly attempted to serve the Defendant at his last known address at 473 Warren Street, Apt 2R, Brooklyn, New York 11217-2556 by both registered mail and by the (Brooklyn, New York) Kings County Sheriff's Department.

4. Plaintiff further legitimately attempted to effect service when Mr. Rutledge was at his parents home.

5. The purpose of the rule allowing alternate service is to place the Defendant on reasonable notice of the action There is no question that Lance Rutledge is aware that a complaint has been filed against him. Gail Rutledge is his sister. If the Court denies Plaintiff's request to mail the complaint to Defendant's parents, then the Plaintiff requests that he be allowed to effect service by mailing the complaint via ordinary mail to Defendant's last known address and by mailing a copy to counsel for Defendant Gail Rutledge.

6. Counsel for Defendant Gail Rutledge does not represent Lance Rutledge and has no standing to object to the motion for alternate service.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court allow him to file a brief to reply to the arguments made by the Defendant in her response.

Dated: July 12, 2007

Respectfully submitted,
BINGEN & ASSOCIATES, PLLC

  /s/ *Michael C Bingen*
Michael C Bingen (P30408)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
* * * * * * * *

STEPHEN SILVER,
    Plaintiff/Counter-Defendant,

vs.

MARK GILES, MARK LYTLE, RICHARD
ROSENBERG, TINO REYES, WILLIAM GILES,
THE SAUGATUCK-DOUGLAS POLICE DEPARTMENT,
THE CITY OF SAUGATUCK, THE CITY OF DOUGLAS,
and LANCE RUTLEDGE,
    Defendants,

GAIL RUTLEDGE,
    Defendant/Counter-Plaintiff.
_____/

Case No.: 1:07 cv 0103

HON. WENDELL A. MILES

Michael C. Bingen (P30408)
BINGEN & ASSOCIATES, P.L.L.C.
Attorney for Plaintiff/Counter-Defendant
141 E. Michigan Avenue, Suite 403
Kalamazoo, MI 49007
(269) 382-5900

Michael S. Bogren (P34835)
PLUNKETT & COONEY, P.C.
Attorney for Defendant, City of Saugatuck
535 S Burdick Street, Ste. 256
Kalamazoo, Michigan 49007
(269) 226-8822

G. Gus Morris (P32960)
KUPELIAN, ORMOND & MAGY, P.C.
Attorney for Defendants, Mark Giles,
Mark Lytle, Richard Rosenberg, Tino
Reyes, William Giles & Saugatuck
Police Department
25800 Northwestern Highway, Ste.950
Southfield, Michigan 48075
(248) 357-0000

Elizabeth J. Fossel (P41430)
VARNUM, RIDDERING, SCHMIDT &
HOWLETT, LLP
Attorney for Defendant/Counter-Plaintiff, Gail
Rutledge
Bridgewater Pl., PO Box 352
Grand Rapids, Michigan 49501-0352
(269) 336-6000

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE A REPLY BRIEF**

      Local Civil Rule 7.3 states that a reply brief may be filed only by leave of Court. For the reasons that follow, Plaintiff respectfully requests that this Honorable Court grant leave to file a reply.

      This is a case that has been pending since February 1, 2007. Plaintiff has been unable to serve Defendant Lance Rutledge at his last known address, 473 Warren Street, Apt. 2R, Brooklyn, New York 11217-2556, despite repeated attempts to do so. There is no question that Mr. Rutledge is aware that a complaint has been filed against him: co-defendant Gail Rutledge is his sister (and Plaintiff had to obtain alternate service on her as well, despite the fact that she had possession of a copy of the complaint before she was formally served). Lance Rutledge was, in fact, at his parents' home when the investigator attempted to serve him. Knowing that there was a potential for false claims of harassment that would be made, the investigator sought the assistance of a police officer to witness his attempt to serve Mr. Rutledge. If there was any harassment or violation of law, clearly the police officer would have acted upon it. Most notably, defense counsel for Gail Rutledge has not offered any affidavit from the police officer who was present at the time.

      Furthermore, it is absurd to suggest that allowing alternate service by simply mailing the complaint to Mr. Rutledge's parents' home, and a copy to Defendants last known address, will cause any trauma to them. Plaintiff should be allowed to move forward in this matter without any further delay. There is no credible evidence to suggest that the proposed alternate service will fail to put Mr. Rutledge on notice of the claims against him and the need to respond. Defendant Gail Rutledge, and her counsel, should not cause any further delay in this matter. Alternatively, Plaintiff requests that service be made by mailing the complaint vis ordinary mail to Defendant's last known address and y mailing a copy of same to counsel for Defendant Gail Rutledge.

      Furthermore, counsel for Defendant Gail Rutledge has no standing to object Plaintiff's request that he be allowed to serve Lance Rutledge by alternate means. Counsel does not represent Mr. Rutledge nor his parents, and, therefore, has no legal basis to object to Plaintiff's request.

For these reasons, Plaintiff respectfully requests that the Court grant his motion for leave to file a reply brief.

                                                    Bingen & Associates, PLLC.

Dated: July 12, 2007                    /s/ *Michael C. Bingen*
                                                    Michael C. Bingen (P30408)
                                                    Attorney for Plaintiff/Counter-Defendant
                                                    BUSINESS ADDRESS
                                                    141 East Michigan Avenue, Suite 403
                                                    Kalamazoo, Michigan 49007
                                                    (269) 382-5900

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
* * * * * * * *

STEPHEN SILVER,
    Plaintiff/Counter-Defendant,

vs.

MARK GILES, MARK LYTLE, RICHARD
ROSENBERG, TINO REYES, WILLIAM GILES,
THE SAUGATUCK-DOUGLAS POLICE DEPARTMENT,
THE CITY OF SAUGATUCK, THE CITY OF DOUGLAS,
and LANCE RUTLEDGE,
    Defendants,

GAIL RUTLEDGE,
    Defendant/Counter-Plaintiff.
_____/

Case No.: 1:07 cv 0103

HON. WENDELL A. MILES

Michael C. Bingen (P30408)
BINGEN & ASSOCIATES, P.L.LC.
Attorney for Plaintiff/Counter-Defendant
141 E. Michigan Avenue, Suite 403
Kalamazoo, MI 49007
(269) 382-5900

Michael S. Bogren (P34835)
PLUNKETT & COONEY, P.C.
Attorney for Defendant, City of Saugatuck
535 S Burdick Street, Ste. 256
Kalamazoo, Michigan 49007
(269) 226-8822

G. Gus Morris (P32960)
KUPELIAN, ORMOND & MAGY, P.C.
Attorney for Defendants, Mark Giles, Mark Lytle, Richard Rosenberg, Tino Reyes, William Giles & Saugatuck Police Department
25800 Northwestern Highway, Ste.950
Southfield, Michigan 48075
(248) 357-0000

Elizabeth J. Fossel (P41430)
VARNUM, RIDDERING, SCHMIDT & HOWLETT, LLP
Attorney for Defendant/Counter-Plaintiff, Gail Rutledge
Bridgewater Pl., PO Box 352
Grand Rapids, Michigan 49501-0352
(269) 336-6000

## PLAINTIFF'S REPLY BRIEF

    Plaintiff seeks leave under Local Civil Rule 7.3 (c) to file a reply brief to respond to the brief in opposition to Plaintiff's petition for alternate service filed by counsel for Defendant Gail Rutledge. For the reasons that follow, counsel for Defendant Gail Rutledge should not prevent reasonable efforts made by Plaintiff to effect service on Lance Rutledge, who is Gail Rutledge's brother. Defendant's claim that the petition for alternate service is another attempt to "get to" Gail Rutledge

is absurd and unfounded. The fact of the matter is that Gail Rutledge has abused the legal system by filing false claims of harassment with the Saugatuck/Douglas Police Department, which resulted in Plaintiff's arrest for allegedly violating a PPO which did not exist, then another arrest on false claims of stalking which were ultimately dismissed. Recently, on June 1, 2007, Plaintiff was able to terminate another PPO that had been issued by Judge Corsiglia of the Allegan County Circuit Court, because Rutledge offered no evidence whatsoever to justify the issuance of the PPO. Ms. Rutledge now wants to prevent alternate service on her brother by asserting that an attempt by a process server to serve Lance Rutledge at her parents home amounts to intimidation towards her. Attached hereto as **Exhibit 1** is another Affidavit of the process server, Carl H. Clatterbuck, III, showing that Rutledge's claims are simply unfounded.

Mr. Clatterbuck has been a process server and a licensed private investigator for the last 25 years. Mr. Clatterbuck's second affidavit makes it quite clear that he was told that Lance Rutledge was at the home when he attempted service, and that there was nothing abusive about the contact. Rather, Mr. Rutledge was not cooperating in reasonable efforts to effect service. If there was any intimidation, harassment, or violation of law, a police officer who was asked by Mr. Clatterbuck to render assistance, was present at the scene. It is noteworthy that counsel for Gail Rutledge has not offered the testimony of the police officer to support her claims.

As this Court is well aware, service of process must be made pursuant to the law of the state in which the District Court is located. FRCP 4(e)(1). Under MCR 2.105(I) the Court has discretion to order alternate service:

> (I) Discretion of the Court.
>
> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

Defendant does correctly point out that Michigan's Court Rule requires that the motion must state the Defendant's last known address. By allowing this reply brief, Plaintiff can identify the last known address as:

Lance Rutledge, 473 Warren Street, Apt. 2-R, Brooklyn, New York, 11217-2556

This is the address in which repeated attempts have been made to effectuate service.

There can be no question that Mr. Rutledge is well aware of the action that has been filed against him. Again, Co-Defendant Gail Rutledge is his sister. Indeed, it was necessary to obtain alternate service on her, even though she was in possession of a copy of the complaint before service was effectuated on her. Plaintiff's proposed alternate service is not unreasonable and the Defendant has offered no substantative proof that merely mailing a copy of the summons and complaint to Lance Rutledge's parents' home and mailing it to his last known address would cause any duress. Mr. Rutledge has effectively avoided service for the last 5 months. He is aware of this lawsuit. This matter must be allowed to move forward.

Counsel for another Defendant should not prevent service by reasonable means. Indeed, if service by mailing the Summons and Complaint to Lance Rutledge's parents' home, and a copy to his last known address, will truly cause emotional duress, then Plaintiff proposes that a reasonable means of service can be accomplished by forwarding the Summons and Complaint to counsel for Gail Rutledge.

Again, there is no dispute that Lance Rutledge is well aware of the action that has been filed against him. This matter simply should not be delayed any further.

For these reasons Plaintiff respectfully requests that this Honorable Court permit the filing of this reply brief and order alternate service.


Dated: July 12 2007                                  */s/ Michael C Bingen*
                                                     Michael C Bingen (P30408)

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
* * * * * * * *

STEPHEN SILVER,
    Plaintiff/Counter-Defendant,

vs.

MARK GILES, MARK LYTLE, RICHARD
ROSENBERG, TINO REYES, WILLIAM GILES,
THE SAUGATUCK-DOUGLAS POLICE DEPARTMENT,
THE CITY OF SAUGATUCK, THE CITY OF DOUGLAS,
and LANCE RUTLEDGE,
    Defendants,

GAIL RUTLEDGE,
    Defendant/Counter-Plaintiff.
_____/

Case No.: 1:07 cv 0103

HON. WENDELL A. MILES

Michael C. Bingen (P30408)
BINGEN & ASSOCIATES, P.L.LC.
Attorney for Plaintiff/Counter-Defendant
141 E. Michigan Avenue, Suite 403
Kalamazoo, MI 49007
(269) 382-5900

Michael S. Bogren (P34835)
PLUNKETT & COONEY, P.C.
Attorney for Defendant, City of Saugatuck
535 S Burdick Street, Ste. 256
Kalamazoo, Michigan 49007
(269) 226-8822

G. Gus Morris (P32960)
KUPELIAN, ORMOND & MAGY, P.C.
Attorney for Defendants, Mark Giles,
Mark Lytle, Richard Rosenberg, Tino
Reyes, William Giles & Saugatuck
Police Department
25800 Northwestern Highway, Ste.950
Southfield, Michigan 48075
(248) 357-0000

Elizabeth J. Fossel (P41430)
VARNUM, RIDDERING, SCHMIDT &
HOWLETT, LLP
Attorney for Defendant/Counter-Plaintiff, Gail Rutledge
Bridgewater Pl., PO Box 352
Grand Rapids, Michigan 49501-0352
(269) 336-6000

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 12th day of July, 2007, she electronically filed PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY BRIEF, PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE A REPLY BRIEF, and PLAINTIFF'S REPLY BRIEF along with a copy of this Proof of Service to the Clerk of Court for the US District Court for the Western District of Michigan.

I certify that the aforementioned statement is true to the best of my information, knowledge and belief.

Dated: July 12, 2007                                          /s/  *Amanda M Izenbaard*
                                                                  Amanda M Izenbaard