UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STEPHEN SILVER,

    Plaintiff/Counterclaim Defendant,

v                                                                                    Case No. 1:07-cv-103

MARK GILES, MARK LYTLE,                            Hon. Wendell A. Miles
RICHARD ROSENBERG, TINO REYES,
WILLIAM GILES, THE SAUGATUCK-
DOUGLAS POLICE DEPARTMENT,
THE CITY OF SAUGATUCK,
THE CITY OF DOUGLAS,
and LANCE RUTLEDGE,

    Defendants,

and

GAIL RUTLEDGE,

    Defendant/Counterclaim Plaintiff.
_____/

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY BRIEF
AND "PETITION" FOR ALTERNATE SERVICE

    This is an action filed by plaintiff Stephen Silver against ten named defendants. The five-count complaint asserts a claim against eight official defendants under 42 U.S.C. § 1983, in addition to four state law-based claims against plaintiff's ex-wife, Gail Rutledge, and her brother Lance Rutledge. Gail Rutledge has asserted a state law counterclaim. Plaintiff Silver and Gail Rutledge were divorced in 2003, and the case appears to arise from plaintiff's alleged violation of a "no contact" order included in the divorce decree as well as his alleged violation of personal

protection orders issued thereafter.

The matter is now currently before the court on a motion by Stephen Silver captioned "Petition for Alternate Service" (docket no. 21).  Gail Rutledge has opposed the motion.  Stephen Silver has also filed a motion for leave to file a reply brief in support (docket no. 25).  For the following reasons, the motion for leave to file a reply brief is **GRANTED** but the motion for alternate service is **DENIED.**

### Discussion

Stephen Silver filed this action on February 1, 2007.  All of the defendants have appeared in the action, with the exception of Lance Rutledge, who has not yet been served.  Lance Rutledge is alleged to be a resident of New York.  On May 24, 2007, the court granted a motion by plaintiff for an extension of time in which to serve this defendant.  The court's order granted Stephen Silver until August 22, 2007 in which to serve Lance Rutledge.

The affidavits filed both with the current motion and in support of the prior motion for extension indicate that plaintiff Silver has made the following unsuccessful attempts to serve Lance Rutledge:

> **By registered mail sent to his last known address on February 9, 2007.**  The mailing was returned undelivered on April 16, 2007.
>
> **By forwarding copies of the summons and complaint to the Sheriff's Department in Kings County, New York, where it is believed Lance Rutledge currently resides.**  Although the court has not been advised regarding how or when the Kings County Sheriffs' Department attempted to serve this defendant, plaintiff Silver alleges that he has been told that service has not yet been

2

    accomplished.

    **By attempting personal service at Lance Rutledge's parents' home in Douglas, Michigan on June 10, 2007.** Plaintiff Silver alleges that he was notified that Lance Rutledge was visiting his parents' residence at that time.

In his current motion, plaintiff Silver requests that the court order that service on Lance Rutledge be made (1) by mailing copies of the summons and complaint to his last known residence in New York, and (2) by mailing copies to his parents' residence in Douglas, Michigan.

    Plaintiff's "petition" is in fact a motion, filed without being accompanied by the supporting brief required by W.D.Mich.L.Civ.R. 7.1(a). However, plaintiff has subsequently moved for leave to file what he deems a "reply" brief. The court permits this filing in view of the court's need for a complete briefing of plaintiff's arguments, notwithstanding the deficiencies in plaintiff's original motion.[1]

    Plaintiff argues that service "must be made pursuant to the law of the state in which the District Court is located." However, this is not the only option. Fed.R.Civ.P. 4(e) provides as follows:

> **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
>     (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of

---

[1] In addition to failing to supply a supporting brief, plaintiff's motion failed to contain the affirmative statement of attempt to obtain concurrence required by Local Rule 7.1(d). Plaintiff is hereby notified that any future motions filed without full compliance with these requirements will be stricken.

>   the State; or
>
>   (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Under this rule, service may be made either by personal delivery to the defendant or a suitable individual at his residence, or pursuant to the law of the state where the district court sits – Michigan – or where service is to be effected – in this instance, New York.

Based on the information which has been provided to the court in sworn affidavits, all that is known is that (1) registered mail directed to Lance Rutledge at his last known residence in New York was "undeliverable" for unspecified reasons, and (2) an attempt to personally serve Lance Rutledge at his parents' home in Michigan – where he is not known to currently reside – was unsuccessful. Although plaintiff states that copies of the summons and complaint were provided to the sheriff's department in Kings County, New York, plaintiff has not indicated why, under either Michigan or New York law, this represents a reasonable attempt at service. Moreover, plaintiff has not provided the court with the affidavit of anyone employed by the sheriff's department who has attempted service, or anyone procured by it to do so. To date, plaintiff has failed to adequately allege sufficient facts to support the inference that service cannot be made directly on Lance Rutledge. In sum, plaintiff has simply not justified why alternate service on Lance Rutledge is either necessary or even reasonable.

Moreover, even if plaintiff had established a reasonable need for alternate service, the court is not inclined to order that alternate service be made by mail to Lance Rutledge's parents

4

home. Although plaintiff contends that Lance Rutledge has visited his parents' home on one occasion, no allegation is made that he currently lives there. In addition, the circumstances of this case counsel against involving the parents in a dispute between plaintiff and his former wife. In her opposition to plaintiff's motion, Gail Rutledge has provided affidavits of the parents (who are her parents), indicating that they are elderly and suffer from health problems. They also state that their son Lance has never lived with them at their current address, and that plaintiff's attempt to involve them in this matter has already caused them distress.[2] The court is not convinced that it would be reasonable to involve any more of plaintiff's former wife's family members in this lawsuit at this time.

In his reply brief, plaintiff also makes an alternative request that he be permitted to make service on Lance Rutledge by forwarding copies of the summons and complaint to counsel for Gail Rutledge. However, even if plaintiff had substantiated the need for alternate service, the court would not conclude that this would represent reasonable service. Plaintiff himself has conceded that counsel for Gail Rutledge does not represent Lance Rutledge. Plaintiff's Brief in Support of Motion for Leave to File a Reply Brief at 5.

**The motion for alternate service on Lance Rutledge is DENIED.**

So ordered this 27th day of July, 2007.

    /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge

---

[2]In his reply brief, plaintiff argues that Gail Rutledge lacks "standing" to object to his motion. However, as a party to this case, Gail Rutledge has the right to respond to the motion. See W.D.Mich.L.Civ.R. 7.3(c) (permitting "[a]ny party opposing a nondispositive motion" to file a timely response).