UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN SILVER,
        Plaintiff,

Case No. 1:07-cv-103

-v-

HONORABLE PAUL L. MALONEY

MARK GILES, MARK LYTLE,
RICHARD ROSENBERG, TINO REYES,
WILLIAM GILES, THE SAUGATUCK-
DOUGLAS POLICE DEPARTMENT, THE
CITY OF SAUGATUCK, THE CITY OF
DOUGLAS, GAIL RUTLEDGE and
LANCE RUTLEDGE,
        Defendants.

OPINION AND ORDER DENYING DEFENDANT LANCE RUTLEDGE'S
MOTION TO DISMISS

This Court has before it Defendant Lance Rutledge's Motion to Dismiss (Dkt. No. 29) and Motion to Supplement Affidavit (Dkt. No. 32).

I. BACKGROUND

Plaintiff Stephen Silver and Defendant Gail Rutledge were married, but divorced in 2003. (Complaint ¶ 12). Defendant Lance Rutledge is the brother of Defendant Gail Rutledge. (Complaint ¶ 31). On January 31, 2007, Plaintiff Silver filed a five count complaint. The first count of the complaint alleges a claim under 42 U.S.C. § 1983 against all Defendants except Gail and Lance Rutledge. The other four counts allege violations of state law against Defendants Gail and Lance Rutledge. Only Counts II and III allege claims against Lance Rutledge. The allegations against Defendant Lance Rutledge arise out of an allegedly false written statement he made to the police. (Complaint ¶ 32). This Court may exercise jurisdiction over the supplemental state law claims under 28 U.S.C. § 1367©.

Plaintiff has had trouble serving Defendant Lance Rutledge (Defendant) who resides in New

York. On May 22, 2007, Plaintiff filed a first motion for extension of time to serve Defendant Lance Rutledge. Plaintiff alleged he was unable to serve Defendant by registered mail. Plaintiff alleged he attempted to serve Defendant through the Kings County Sheriff's Department in New York, but was unsuccessful. On May 24, 2007, Judge Miles issued an order extending the time to serve Mr. Rutledge until August 22, 2007. On June 16, 2007, Plaintiff filed a motion for alternate service against Mr. Rutledge. Judge Miles issued an order denying the motion on July 27, 2007. Finally, on August 14, 2007, Plaintiff filed proof of service showing that a process server in New York served Defendant on August 1, 2007.

In lieu of filing an answer, Defendant, through counsel, filed this Motion to Dismiss. Plaintiff filed a response. Defendant then filed a motion to supplement his affidavit challenging the facts alleged in the process server's affidavit attached to Plaintiff's response. This Court has reviewed the submissions and has had the benefit of oral argument and testimony on the motion to dismiss.

II. LEGAL FRAMEWORK

An individual who has not waived service may be served with a summons and complaint pursuant to the law of state in which the district court is located or in which service is effected. FED. R. CIV. P. 4(e)(1).[1] The individual may also be served by delivering a copy of the summons and complaint to him or her personally or by leaving copies of those documents at the individual's dwelling house or usual place of abode with some person of suitable age and discretion also residing there. FED. R. CIV. P. 4(e)(2). Both Michigan and New York authorize service on an individual by personal delivery of the summons and complaint on a defendant. MCR 2.105(A)(1); N.Y. CPLR § 308(1).

---

[1] Rule 4 was amended effective December 1, 2007. Because the challenged service occurred prior to the amendment, the prior version of Rule 4 applies.

Federal Rule of Civil Procedure 4(m) requires service of process within 120 days after a complaint is filed. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006). The Rule provides

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

FED. R. CIV. P. 4(m). A court may, for good cause, extend the time to serve an individual with the complaint upon request. *See Nafziger*, 467 F.3d at 521. *See Henderson v. United States*, 517 U.S. 654, 662 (1996) (explaining, in dicta, that the 1993 amendments to the Rule 4 gave courts discretion to enlarge the 120 day period even without good cause shown); *Stewart v. Tennessee Valley Auth.*, 99-5723, 2000 WL 1785749 (6th Cir. Sept. 11, 2000) (unpublished table opinion) (explaining where a plaintiff does not establish good cause, a court must either dismiss the action or direct that service be effectuated within a specified time and citing *Henderson*); *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 406 (S.D. Ohio) (discussing opinions issued by the Sixth Circuit, noting the majority of circuit courts follow *Henderson*, and concluding a court has discretion to extend the time to serve even without good cause shown).

A district court has discretion to dismiss an action for failure to serve a defendant with the summons and complaint. *Nafziger*, 467 F.3d 514, 521. Federal Rule of Civil Procedure 12(b)(5) authorizes a district court to dismiss an action for insufficiency of service of process. "When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected." *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994) (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th

Cir. 1981) and *Jackson v. United States*, 138 F.R.D. 83 (S.D. Tex. 1991)).  The person who serves the party to the action shall make proof of service to the court.  FED. R. CIV. P. 4(l).  If the person effecting service is not a United States marshal or deputy marshal, the proof shall be in the form of an affidavit.  (*Id.*)

III. ANALYSIS

Defendant requests this Court dismiss the suit because he has not been properly served. Defendant filed an affidavit averring that he was not served by Mr. Curo, the process server. Defendant argues his physical description does not match the physical description of the person served.[2]  Defendant argues he was not served within the original 120 days after the complaint was filed or within the 90 day extension already granted.  Defendant argues there is no good cause for this failure and that no additional time should be granted.

Plaintiff responds that Defendant Lance Rutledge was properly served.  Plaintiff recounts his attempts to serve Mr. Rutledge.  Plaintiff alleges Mr. Rutledge was served at his apartment by Mr. Curo.  Mr. Curo avers he rang the doorbell for 473 Warren Street Apartment 2R and that the person who answered the door stated he was Lance Rutledge.  (Affidavit attached to Response).  In the alternative, Plaintiff alleges good cause exists under Rule 4(m) to extend the time to perfect service. Plaintiff argues he has diligently attempted to serve Defendant and such reasonable attempts constitute good cause for a court to extend the time to serve the summons and complaint.

Defendant requests to supplement his affidavit under Local Rule 7.1(b).  Under the Local Rule, a party is obligated to file affidavits or other documents to support facts not appearing in the

---

[2]The Process Server describes the person he served as 50 years old, 165 lbs., 5' 7", white, male and with brown hair.  (Dkt. No. 27, affidavit).  Mr. Rutledge alleges he is 55 years old, 5' 11", and 152 lbs.  (Affidavit attached to motion to dismiss).

4

record that are relied upon in support of or in opposition to any motion. The supplemental affidavit alleges the buzzer to Defendant's apartment is number 4 and does not have a name next to it. Defendant also submitted pictures of the building's doorway and buzzers.

This Court ordered an evidentiary hearing to resolve the motion and required both Defendant and the Process Server to attend the hearing. Both Defendant and the Process Server testified at the hearing on January 22, 2008. Mr. Curo has been a process server in New York for more than ten years. He testified that his office confirmed Mr. Rutledge's address, including the apartment number. He explained how he was able to see Mr. Rutledge's name on the mail slot just inside the door to the building. Mr. Curo testified buzzer 4 on the panel outside the door to the building had "2R" next to it the day he served the papers. He stated Mr. Rutledge came to the door, Mr. Rutledge confirmed his identity and that he served the documents on Mr. Rutledge.

Mr. Rutledge testified that he was not served. He also testified that he does not respond to the buzzer when he is not expecting visitors. He testified that buzzer 4 has never had "2R" next to it. Defense Counsel offered, as exhibits, the pictures that were attached to Mr. Rutledge's motion to supplement affidavit. Mr. Rutledge stated that he does not fit the description of the person in Mr. Curo's affidavit. Mr. Rutledge also testified that you cannot see the mailboxes from outside the door to the building.

This Court finds Plaintiff has offered sufficient evidence to establish that service was effected during the 90 day extension issued by Judge Miles. This Court notes it is not difficult to figure out which of the six buzzers corresponds to Defendant's apartment. There are six buzzers. (See Picture 3). Buzzer 2 has "1R" written next to it. Buzzer 6 has "3R" and a name written next to it. Logically, buzzer 4 would be associated with apartment 2R. Mr. Curo also identified Mr. Rutledge as the man he served with the papers at the building. Defense Counsel correctly pointed out that there was only

one man sitting at the table in the courtroom when he was identified. Mr. Curo was under oath when he identified Mr. Rutledge and this Court is satisfied with Mr. Curo's testimony. Furthermore, the difference between Mr. Rutledge and the description of the person served in Mr. Curo's testimony is not that marked. Mr. Rutledge's testimony was less persuasive and insufficient to overcome Mr. Curo's testimony.

III. CONCLUSION

Plaintiff has established Mr. Rutledge was personally served during the life of the summons. Defendant's Motion to Dismiss (Dkt. No. 29) is **DENIED.** Defendant's Motion to Supplement Affidavit (Dkt. No. 32) is **DISMISSED as moot.** Defendant was able to testify to the same facts at the evidentiary hearing and offered the pictures as evidence at the hearing. Defendant, therefore, has no need to supplement his affidavit.

**ORDER**

Defendant Lance Rutledge's Motion to Supplement Affidavit (Dkt. No. 32) is **DENIED as moot.** Defendant's Motion to Dismiss (Dkt. No. 29) is **DENIED. IT IS SO ORDERED.**

Date: January 25, 2008          /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge